DJW/2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

    v.                                                    Case No.  08-2002-CM-DJW

**SHIRLEY J. OYER, et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Compel Compliance with Rule 26(a)(1), and the Orders of this Court (doc. 33) filed by Defendant Shirley J. Oyer on September 29, 2008. Plaintiff's response to Defendant's Motion was due on October 14, 2008. Seeing no response, on November 17, 2008, the Court entered a Show Cause Order (doc. 38) requiring Plaintiff to show cause in a pleading filed with the Court on or before November 28, 2008 why Defendant's Motion should not be granted as uncontested. On November 25, 2008, Plaintiff filed its Return to Order to Show Cause (doc. 40). Having reviewed Plaintiff's Return to Order to Show Cause (doc. 40), the Court finds that Plaintiff has shown sufficient cause why Defendant's Motion should not be granted as uncontested. The Court will therefore consider Defendant's Motion, which is now fully briefed and ripe for consideration, on its Merits. For the reasons set forth below, the Court will deny Defendant's Motion.

**I.    BACKGROUND**

This is an action to reduce the federal income tax assessments made against Defendant to judgment and to foreclose the corresponding tax liens against certain real property located in

Shawnee, Kansas, that is titled in the name of Shawnee Properties Trust.[1] Plaintiff also seeks a determination that Shawnee Properties Trust is holding this certain real property as the nominee of Defendant.[2] Plaintiff alleges that the Internal Revenue Service made assessments against Defendant for federal income taxes, accrued interest and penalties for the tax years 1995 through 1999.[3]

On May 16, 2008, the Court entered the Scheduling Order (doc. 16) requiring Plaintiff to submit to the defendants in this case a good faith proposal to settle the case which included copies of the assessments at issue by June 2, 2008. Defendant's Motion seeks to compel production of these tax assessments.

## II. STANDARDS

Defendant seeks to compel Plaintiff's compliance with the Scheduling Order (doc. 16), which required Plaintiff to provide Defendant with "copies of the assessments at issue" by June 2, 2008. Defendant also seeks to compel Plaintiff's compliance with Fed. R. Civ. P. 26(a), which requires the parties to supply documents upon which the computation of damages is based:

> [A] party must, without awaiting a discovery request, provide to the other parties . . . a computation of each category of damages claimed by the disclosing party - who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which each computation is based . . ..[4]

Defendant claims that Plaintiff must provide the individual tax assessments for Defendant for the tax years 1995 through 1999 in order to comply with Fed. R. Civ. P. 26(a).

---

[1] *See* Compl. (doc. 1), at ¶ 1.

[2] *See id.*

[3] *See id.*, at ¶ 10.

[4] Fed. R. Civ. P. 26(a)(1)(A)(iii).

Under Section 6203 of the Internal Revenue Code, an assessment of tax "shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of the assessment."[5] The treasury regulations further provide that the assessment shall be made by an assessment officer signing the summary record of assessment, and the summary record of assessment shall provide the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed.[6] These regulations further provide,

> If the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed.[7]

"[R]egardless of the form used, the [Internal Revenue Service] must comply with the regulations governing the assessment process."[8] Courts have held that the Internal Revenue Service may provide the taxpayer with Certificates of Assessments and Payments on Forms 4340, which "are presumptive proof of a valid assessment."[9] Courts have also held that RACS Report 006 satisfies the signature and certification requirements of the treasury regulations.[10]

---

[5] 26 U.S.C. § 6203.

[6] *See* 26 C.F.R. § 301.6203-1.

[7] *Id.*

[8] *March v. I.R.S.*, 335 F.3d 1186, 1188 (10th Cir. 2003).

[9] *Id.* (quoting *Guthrie v. Sawyer*, 970 F.2d 733, 737 (10th Cir. 1992)).

[10] *See id.*, 1188-89.

### III.   ANALYSIS

Defendant concedes that she has received "a document indicating the total number of assessments upon the days in which the assessments were allegedly made."[11]  According to Defendant, Plaintiff "has submitted signed copies of a claimed aggregate amount for thousands or tens of thousands of separate assessments on a given day."[12]  Defendant, however, insists that individual assessments exist and seeks to compel Plaintiff to produce these individual assessments.[13]

Plaintiff, in response, claims that "documents which contemporaneously reflect the actual making of the assessment for unpaid federal income taxes, penalties and interest against" Defendant do not exist.[14]  Plaintiff further states that the only documents in the possession of Plaintiff's counsel and Plaintiff are the Certificates of Assessments and Payments (Forms 4340) and the Summary Record of Assessments (RACS Report -006).[15]  Plaintiff claims it has already provided Defendant with copies of the Certificates of Assessments and Payments (Forms 4340) for the 1995 through 1999 federal income tax liabilities of Defendant, and the corresponding Summary Record of Assessments (RACS Report -006).[16]

---

[11] Mot. to Compel Compliance With Rule 26(a)(1), and the Orders of this Court (doc. 33), 1-2.

[12] *Id.*, 3.

[13] *See id.*, 2-3.

[14] Pl.'s Resp. to Mot. to Compel Compliance With Rule 26(a)(1) and the Orders of this Court (doc. 39), 2.

[15] *See id.*

[16] *See id.*

The Court finds that the Certificates of Assessments and Payments (Forms 4340) and the corresponding Summary Record of Assessments (RACS Report -006) are sufficient to comply with Plaintiff's obligations under the Scheduling Order (doc. 16) and Fed. R. Civ. P. 26(a).  It appears to the Court that Plaintiff has already provided Defendant with the required Certificates of Assessments and Payments (Forms 4340) and the corresponding Summary Record of Assessments (RACS Report -006).  Accordingly, the Court will deny Defendant's Motion.

**IT IS THEREFORE ORDERED** that Defendant Shirley J. Oyer's Motion to Compel Compliance with Rule 26(a)(1), and the Orders of this Court (doc. 33) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 5th day of February 2009.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and *pro se* parties