IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                                                      )<br>             Plaintiff,                   )<br>                                                      )     CIVIL ACTION<br>v.                                                  )<br>                                                      )     Case No. 08-2002-CM<br>SHIRLEY J. OYER, *et al.*,           )<br>                                                      )<br>             Defendants.             )<br>_____)   | |

## MEMORANDUM AND ORDER

In this civil action, plaintiff United States of America seeks to reduce to judgment federal income tax assessments in an amount exceeding $1 million against defendant Shirley J. Oyer. Ultimately, plaintiff seeks to foreclose tax liens upon defendant's property. Defendant filed a motion to dismiss (Doc. 45). In her motion, defendant claims that the court should dismiss the case because plaintiff has not supplied her copies of the tax assessments at issue.

Section 6203 of the Internal Revenue Code provides that a tax assessment "shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary." 26 U.S.C. § 6203. When a taxpayer requests a record of a tax assessment, Treasury Regulations provide that the Secretary of the Treasury may respond by providing "a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of the assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed." Treas. Reg. § 301.6203-1. The Tenth Circuit has held that this requirement is satisfied when the Secretary provides a Certificate of Assessments and Payments (IRS Form 4340) that contains the required information. *See March v. Internal Revenue Serv.*, 335 F.3d 1186, 1188 (10th Cir. 2003).

Plaintiff has provided defendant with Certificates of Assessments and Payments (IRS Form 4340) and Summary Records of Assessments ("RACS 006 reports"). Although plaintiff did not provide defendant with a summary record of the assessments on Form 23C, the IRS "has for a number of years been engaged in making a transition in [its] assessment procedure from the general use of a manually prepared Form 23C to the general use of RACS 006." *Id.* at 1188 (quoting *Roberts v. Commissioner*, 118 T.C. 365, 370 (2002)). And the RACS 006 "satisfies the signature and certification requirements of 26 C.F.R. § 301.6203-1." *Id.* Plaintiff has provided defendant with all that is required by statute and regulation.

Defendant does not offer a valid reason why the court should dismiss the case against her. If she is requesting dismissal as a sanction for failure to comply with her discovery requests, no sanction is warranted. On February 5, 2009, Magistrate Judge Waxse denied defendant's motion to compel production of tax assessments for essentially the same reasons contained in this Memorandum and Order. Defendant did not timely object to Judge Waxse's order. There is no basis for awarding sanctions for discovery violations.

Even if defendant demonstrated that the documents provided to her are inadequate, dismissal would not be appropriate. Tax assessments are not invalidated by failure to comply with § 301.6203-1. *Howell v. United States*, 164 F.3d 523, 525–26 (10th Cir. 1998).

Finally, if the court were to evaluate defendant's motion under the standards for a motion to dismiss, it would rule only on the basis of the complaint. According to plaintiff's complaint—which must be taken as true at this stage of the proceedings—the IRS made assessments against defendant and defendant received notice of the assessments in accordance with law. Again, there is no valid basis for dismissing the complaint.

**IT IS THEREFORE ORDERED** that defendant Shirley J. Oyer's motion to dismiss (Doc. 45) is denied.

Dated this 17th day of March 2009, at Kansas City, Kansas.

                                                 **s/ Carlos Murguia**
                                                 **CARLOS MURGUIA**
                                                 **United States District Judge**