**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case No. 08-2002-CM |
| SHIRLEY J. OYER, *et al.,* ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

In this civil action, plaintiff United States of America seeks to reduce to judgment federal income tax assessments in an amount exceeding $1 million against defendant Shirley J. Oyer. Ultimately, plaintiff seeks to foreclose tax liens upon defendant's property. Now pending before the court is defendant's Motion to Disqualify Robert Metcalfe from Further Participation, Alternatively or Cumulatively to Strike Certain Certificates from the Record (Doc. 69). In her motion, defendant claims that the court should disqualify plaintiff's counsel Robert Metcalfe from participating in the case because he is likely to be a witness in the case. Alternatively, defendant asks the court to strike certificates attached to plaintiff's motion for summary judgment as exhibits 84 through 88.

Initially, plaintiff did not timely respond to defendant's motion. The court ordered plaintiff to show cause why the motion should not be granted as uncontested. Plaintiff filed a response to the show cause order and a response to the motion. The court finds that plaintiff has shown cause why the motion should not be granted as uncontested and considers the motion on its merits.

### Disqualification of Counsel

The moving party bears the burden of showing that counsel should be disqualified. *Field v.*

*Freedom*, 527 F. Supp. 935, 941 (D. Kan. 1981). Courts have found disqualification of counsel appropriate only under limited circumstances. *United States v. Bolden*, 353 F.3d 870, 878–79 (10th Cir. 2003) (citing *Young v. United States*, 481 U.S. 787, 807 (1987) (finding an actual conflict of interest); *United States v. Heldt*, 668 F.2d 1238, 1275 (D.C. Cir. 1981) (alleging bona fide allegations of bad faith); *United States v. Prantil*, 764 F.2d 548, 552–53 (9th Cir. 1985) (considering situation where prosecutor would act as a witness at trial)). Defendant contends that the third situation is present here. The court disagrees.

The District of Kansas has adopted the Kansas Rules of Professional Conduct, except as otherwise provided by a local rule of this court. *See* D. Kan. Rule 83.6.1. Kansas Rule of Professional Conduct 3.7 governs whether the court should disqualify counsel if a party alleges that counsel will be a witness at trial. The rule provides:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client.

Kan. R. Prof'l Conduct 3.7(a). The Kansas Court of Appeals has adopted a three-part test for determining whether the court should disqualify counsel: "First, it must be shown that the attorney will give evidence material to the determination of the issues being litigated; second, the evidence cannot be obtained elsewhere; and, third, the testimony is prejudicial or may be potentially prejudicial to the testifying attorney's client." *LeaseAmerica Corp. v. Stewart*, 876 P.2d 184, 751–52 (Kan. Ct. App. 1994) (adopting test from West Virginia case).

Contrary to defendant's assertions, Mr. Metcalfe has not already testified in this action. The deposition testimony defendant cites is her own; Mr. Metcalfe is simply asking the questions. And Mr. Metcalfe's questions at deposition do not indicate to the court that he is likely to be a necessary

witness at trial or that he will "give evidence material to the determination of the issues being litigated." The evidence that defendant alleges is critical—whether IRS account transcripts are the equivalent to or the same as forms 4340—can be presented by another witness. The third *LeaseAmerica* factor is inapplicable here, as any testimony that Mr. Metcalfe would give (although the court does not expect him to testify at trial) would not be prejudicial or potentially prejudicial to the government.

Defendant has not met her burden of demonstrating that the court should disqualify Mr. Metcalfe from participating in this case.

### Striking of Certificates

Defendant has not offered any authority or reason for striking the exhibits attached to plaintiff's motion for summary judgment. She merely asks for the relief without support. Presumably, she wants them stricken because she does not believe that they are valid evidence of the tax assessments against her. This is not a legal basis for striking the certificates. Defendant's request is denied.

**IT IS THEREFORE ORDERED** that defendant Shirley J. Oyer's Motion to Disqualify Robert Metcalfe from Further Participation, Alternatively or Cumulatively to Strike Certain Certificates from the Record (Doc. 69) is denied.

Dated this 1st day of July 2009, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**