# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case No. 08-2002-CM |
| SHIRLEY J. OYER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This closed case is before the court on defendant Shirley J. Oyer's Motion to Vacate Void Judgment and Order Under Rule 60(b)(4) (Doc. 96). On August 7, the court granted summary judgment in favor of plaintiff against defendant Shirley J. Oyer in this case. On October 2, 2009, the court entered judgment in favor of plaintiff. Defendant now argues that the judgment is void because the court based its decision on assessments for "individual income tax," but the complaint sought payment of "federal income tax." Defendant asks the court to vacate the judgment because "federal income tax" and "individual income tax" are separate and distinct taxes.

"A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002) (internal quotations and citation omitted). Defendant presents no argument in her motion that shows she can meet this standard. Although defendant states that her argument is one of subject matter jurisdiction, in actuality, she argues that the court either granted relief where plaintiff failed to state a claim, or based its decision on improper evidence. (*See* Doc. 96, at 2 ("Failure by the plaintiff to proffer supporting evidence of a 'federal income tax' assessment renders the Complaint supported by an alleged assessment for 'Individual

Income Tax' under Fed. R. Civ. P. 12(b)(5) void, warranting the Order and Judgment being vacated.").) This argument is insufficient to show that the judgment is void. And nothing in defendant's motion suggests that the court acted in a manner inconsistent with due process. Defendant merely raises a new argument against summary judgment that she could have raised earlier in the proceedings. This is not a valid basis for ordering a judgment void.

In defendant's reply brief, she raises another new issue, and suggests that all of her arguments are a challenge to plaintiff's constitutional standing to bring this case against her. The court disagrees with defendant's characterization of her arguments, and finds no relief appropriate based on the new argument raised in her reply brief.

**IT IS THEREFORE ORDERED** that defendant Shirley J. Oyer's Motion to Vacate Void Judgment and Order Under Rule 60(b)(4) (Doc. 96) is denied.

Dated this 5th day of January 2010, at Kansas City, Kansas.

>  **s/ Carlos Murguia**
>  **CARLOS MURGUIA**
>  **United States District Judge**