# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case No. 08-2002-CM |
| SHIRLEY J. OYER, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **MEMORANDUM AND ORDER**

This closed case is before the court on defendant Shirley J. Oyer's Motion to Void Judgment for Lack of Territorial, In Personum and Subject Matter Jurisdiction; Challenge to Jurisdiction of United States of America, DOJ and IRS (Doc. 103). On August 7, 2009, the court granted summary judgment in favor of plaintiff against defendant Shirley J. Oyer in this case. On October 2, 2009, the court entered judgment in favor of plaintiff. Defendant filed a motion to vacate judgment, which the court denied on January 5, 2010. No further activity happened in the case until plaintiff filed a Motion for Order of Sale (Doc. 101) on May 23, 2011. In response to plaintiff's motion, defendant Shirley J. Oyer filed the instant motion to void judgment.

As this court has previously advised defendant, "[a] judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002) (internal quotations and citation omitted). Although defendant generally makes five arguments in her motion, none of the arguments show she can meet this standard.

First, defendant challenges this court's territorial jurisdiction. Specifically, she contends that there is no federal jurisdiction in Johnson County, Kansas. Defendant is incorrect, and courts have

rejected similar arguments repeatedly. *See, e.g., United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990).

Second, defendant challenges the court's subject matter jurisdiction. In support of this position, defendant argues that the Internal Revenue Code is invalid because it lacks an enacting clause. Again, defendant's argument carries no weight. *See Ryan v. Bilby*, 764 F.2d 1325, 1328 (9th Cir. 1985) ("Like it or not, the Internal Revenue Code is the law. . . .").

Third, defendant argues that there is no contract which would create a tax liability. The significance of defendant's argument is unclear to the court, but it fails to present a valid reason for voiding the judgment in this case.

Fourth, defendant contends that she is not subject to the jurisdiction of the United States because she resides in Kansas. This argument fails for the same reason her first argument fails.

Fifth, defendant submits that the attorneys for plaintiff are "violating laws against Bills of Attainder." A bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 468 (1977). This argument simply has no place in this case. Plaintiff's attorneys are not legislators, they have not made a determination of guilt, and the tax law does not apply selectively to defendant. *See Young v. IRS*, 596 F. Supp. 141, 150 (N.D. Ind. 1984).

In sum, defendant offers no valid basis for declaring the judgment in this case void.

**IT IS THEREFORE ORDERED** that defendant Shirley J. Oyer's Motion to Void Judgment for Lack of Territorial, In Personum and Subject Matter Jurisdiction; Challenge to Jurisdiction of United States of America, DOJ and IRS (Doc. 103) is denied.

Dated this \_\_\_\_ day of July 2011, at Kansas City, Kansas.

_____
**CARLOS MURGUIA**
**United States District Judge**