IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　Case No.  08-2002-JWB

SHIRLEY J. OYER, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant Shirley Oyer's motion to vacate judgment. (Doc. 118.)  The motion has been fully briefed and is ripe for decision.  (Docs. 121, 122.)  For the reasons provided herein, Defendant's motion is DENIED.

**I.　　Facts and Procedural History**

On January 3, 2008, the United States (hereinafter referred to as the "government") brought suit against Defendant for failure to pay her income taxes for the years 1995-1999.  (Doc. 1.)  The government filed a motion for summary judgment, which Defendant opposed arguing that the IRS transcripts showing the assessments against her were not sufficient to prove the claims.  (Doc. 73.)  The court entered an order granting summary judgment in part.  (Doc. 88.)  On October 2, 2009, the court entered a judgment in favor of the government and against Defendant in the amount of $789,613.46.  (Doc. 95.)  Defendant then moved to vacate the judgment under Fed. R. Civ. P. 60(b)(4).  (Doc. 96.)  In support of her motion, Defendant argued that the court lacked subject matter jurisdiction because the phrases "federal income tax" and "individual income tax" were distinct taxes.  (Doc. 97 at 2.)  The court denied the motion, finding that Defendant had not shown that the court lacked subject matter jurisdiction.  (Doc. 100.)

1

The government then moved for an order for the sale of real property and to apply the proceeds of the sale to the judgment. (Doc. 101.) In response, Defendant moved to void the judgment for lack of territorial, personal, and subject matter jurisdiction. (Doc. 103.) Defendant argued that the court did not have jurisdiction over her and challenged her obligation to pay taxes. The court rejected Defendant's arguments. (Doc. 106.) Defendant appealed to the Tenth Circuit Court of Appeals. The circuit affirmed the district court's decision finding that Defendant's challenges were "frivolous." *United States v. Oyer*, 461 F. App'x 760, 763 (10th Cir. 2012).

Defendant again moves to vacate the judgment entered against her on the basis that there was fraud upon the court and it lacked subject matter jurisdiction. The government argues that the motion is untimely and frivolous.

**II.    Analysis**

Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

The rule further provides that a motion must be made within a reasonable time. With respect to reasons (1), (2), and (3), the motion must be brought within one year from the date of judgment. Fed. R. Civ. P. 60(c).

Defendant's memorandum is difficult to follow. While it appears that she is arguing that the judgment should be set aside due to fraud under Rule 60(b)(3) or that the judgment is void

2

under Rule 60(b)(4), the motion also lists all of the reasons under the rule.  Therefore, the court will address whether she could obtain relief under any of the reasons set forth in the rule.

Because the judgment in this case was entered on October 2, 2009, Defendant cannot seek relief under Rule 60(b) (1)-(3).  *See The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1088 (10th Cir. 2005) ("The one-year limitations period for filing a Rule 60(b)(1) motion is absolute.") With respect to Rule 60(b) (5) and (6), the motion must be brought within a reasonable time.  Here, Defendant argues that she did not bring her motion earlier because it took 20 years to uncover the alleged fraud.  (Doc. 118 at 2.)  The court is not persuaded by this argument in light of the fact that Defendant merely appears to challenge the sufficiency of the evidence, as she did when this case was pending, and raises similar jurisdictional challenges that have been repeatedly rejected.  The court finds that the twelve-year delay in filing this motion is unreasonable and, therefore, the court will not consider the motion under Rule 60(b) (5) or (6).  *See, e.g., West v. Champion*, 363 F. App'x 660, 664 (10th Cir. 2010).

Finally, with respect to Rule 60(b)(4), the motion may be brought at any time.  *Spitznas v. Boone*, 464 F.3d 1213, 1225 (10th Cir. 2006).  This rule provides that the court may provide relief from a judgment that is void.  "A judgment is void under Rule 60(b)(4) 'only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law.'"  *Myzer v. Bush*, 750 F. App'x 644, 649 (10th Cir. 2018) (quoting *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002)).

Here, although Defendant states initially that the court lacked jurisdiction, Defendant makes no colorable argument on this basis.  Rather, Defendant argues that "subject matter is lost without a signed form 1040 or W4 or W2 upon which an assessment could be made."  (Doc. 118 at 16.)  Defendant provides no support for this assertion.  This argument attacks the sufficiency of

3

the evidence, not the jurisdiction of the court.  Defendant then argues that she is not a citizen and therefore not subject to the jurisdiction of the United States.  This frivolous argument has already been rejected by this court and affirmed by the Tenth Circuit.  (Docs. 106, 116.)

Defendant has not shown that this court lacked jurisdiction or acted in a manner inconsistent with due process when it entered judgment in favor of the government on Defendant's tax liabilities.  Therefore, Defendant has not shown a basis for relief under Rule 60(b)(4).

### III. Conclusion

Defendant's motion to vacate judgment (Doc. 118) is DENIED.

IT IS SO ORDERED.  Dated this 21st day of December 2021.

                                                    __s/ John W. Broomes_____
                                                    JOHN W. BROOMES
                                                    UNITED STATES DISTRICT JUDGE